## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| THREE A's HOLDINGS, L.L.C., a Delaware | ) | Case No. 06-10886 (BLS) |
| limited liability company, *et al*. | ) | Relates to D.I. 598 |
|  | ) |  |
| Debtors | ) |  |
|  | ) |  |

## NOTICE OF APPEAL OF CATHEDRAL CAPITAL PARTNERS, LLC FROM ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6006 (I) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Cathedral Capital Partners, LLC, under 28 U.S.C. § 158(a) and 28 U.S.C. § 1334, appeals the Order, Pursuant To Sections 105 And 365 Of The Bankruptcy Code And Bankruptcy Rules 2002 And 6006 (I) Approving Procedures For The Assumption And Assignment Of Unexpired Leases Of Non-Residential Real Property And (II) Granting Related Relief, entered by the United States Bankruptcy Court for the District of Delaware in the above-captioned bankruptcy cases on November 17, 2006 (Docket No. 598).

The names of all parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Party | Counsel of Record |
|---|---|
| Cathedral Capital Partners, LLC | David M. Fournier<br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: 302.777.6565<br><br>-and-<br><br>David M. Poitras<br>Jeffer Mangels Butler & Marmaro LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 |

Telephone: 310.201.3571

Three A's Holdings, L.L.C.
Jeremy's Holdings, LLC
Tower Direct LLC
33rd Street Records Incorporated
Pipernick Corp.
M T S, Incorporated (d/b/a Tower Records)
Columbus & Bay, Inc.
R.T. Records, Incorporated

Mark D. Collins
Michael J. Merchant
Mark A. Kurtz
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Telephone: 302.651.7700

-and-

Stephen H. Warren
Karen Rinehart
Emily R. Culler
Hilary S. Reed
O'Melveny & Myers LLP
400 South Hope St.
Los Angeles, CA 90071
Telephone: 213.430.6000

Office of the United States Trustee

Mark Kenney
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Telephone: 302.573.6491

Official Committee of Unsecured Creditors

Mark E. Felger
Jeffrey R. Waxman
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: 302.295.2000

-and-

Lawrence E. Rifken
J. Eric Crupi
McGuire Woods LLP
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102
Telephone: 703.712.5000

-and-

2

James H. Joseph
McGuire Woods LLP
Dominion Tower
625 Liberty Avenue, 23rd Floor
Pittsburg, PA 15222
Telephone: 412.667.6000

Great American Group, LLC
Hudson Capital Group, LLC
Crystal Capital Fund, LP
Retail Consulting Services, LLC
(collectively, the "Purchaser")

Jay R. Indyke
Cathy Hershcopf
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: 212-479-6000

Dated: November 27, 2006

Respectfully submitted,

DAVID M. FOURNIER (No. 2812)
EVELYN J. MELTZER (No. 4581)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone: 302.777.6500
Facsimile: 302.421.8390
Email: fournierd@pepperlaw.com
Email: meltzere@pepperlaw.com

-and-

DAVID M. POITRAS (CA SBN 141309)
Jeffer Mangels Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: 310.201.3571
Facsimile: 310.712.8571
Email: dpoitras@jmbm.com

Attorneys for Cathedral Capital Partners, LLC

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **THREE A'S HOLDINGS, L.L.C., a** | : | **Case No. 06-10886 (BLS)** |
| **Delaware limited liability company, <u>et</u>** | : | **Jointly Administered** |
| <u>**al.**</u>,[1] | : |  |
|  | : |  |
| **Debtors.** | : | Docket No. 465 |
|  | : |  |

ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002 AND 6006, (I) APPROVING PROCEDURES
FOR THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF
<u>NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF</u>

Upon the motion of Three A's Holdings, L.L.C., a Delaware limited liability

company, and its direct and indirect affiliates, Jeremy's Holdings, LLC, a Delaware limited

liability company, Tower Direct LLC, a Delaware limited liability company, 33rd Street

Records, Incorporated, a Delaware corporation, Pipernick Corp., a Delaware corporation, M T S,

Incorporated, a California corporation, Columbus & Bay, Inc., a California corporation and R.T.

Records, Incorporated, a California corporation, each as a debtor and debtor-in-possession

(collectively, the "Debtors"), for the entry of an order, pursuant to sections 105(a) and 365 of the

United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rules

2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i)

approving procedures for the assumption and assignment of the Debtors' unexpired leases of

nonresidential real property (the "Leases") and (ii) granting certain related relief (the "Motion");

---

[1]    The Debtors are the following entities:  Three A's Holdings, L.L.C., Jeremy's Holdings, LLC, Tower
Direct LLC, 33rd Street Records, Incorporated, Pipernick Corp., M T S, Incorporated (d/b/a Tower Records),
Columbus & Bay, Inc. and R.T. Records, Incorporated.

and it appearing that due and sufficient notice of the Motion has been provided and no other or

further notice is required; and the Court having jurisdiction to consider the relief requested in the

Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b); and the Court having considered the

relief requested in the Motion, the statements of counsel in support thereof at a hearing held on

November 16, 2006 and any objections filed with respect to the Motion; and it appearing that the

relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and

other parties-in-interest; and after due deliberation and good and sufficient cause appearing

therefore,

## **FINDINGS OF FACT**

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     The transfer conveyance and assignment of the Leases to any Designee

pursuant to the Lease Assumption Procedures is or will be a legal, valid, and effective

disposition of the Leases, as the case may be, and vests or will vest any Designee with all right,

title, and interest of the Debtors to the Leases free and clear of all liens, claims and

encumbrances, including mortgages, security interests, conditional sale or other title retention

agreements, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code),

judgments for damages, demands, charges, encumbrances, defects, claims, and restrictions of all

kind including, without limitation, encumbrances (collectively, "Liens") and rights (i) that

purport to give to any party a right or option to effect any forfeiture, modification or termination

of the interest of any Debtor or any Designee in the Leases, or (ii) in respect of taxes, accruing,

---

[2] To the extent any of the Findings of Facts set forth herein constitute Conclusions of Law, the Court so
concludes.

arising, or relating to a period prior to the closing date upon which a particular Lease is assumed and assigned to its respective Designee ("Lease Closing Date").

B.     The transfer, sale and assignment of the Leases to any Designee will not subject or expose any Designee or any of their respective affiliates, successors, predecessors, shareholders, members, partners, directors, officers, managers, employees, insiders, agents, representatives and advisors, to any liability, claim, cause of action or remedy by reason of such transfer under (A) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity, or (B) any employment contract, understanding or agreement, including without, limitation collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

C.     In connection with the assumption and assignment of any Lease, and as a condition thereto, subject to Purchaser's obligation to pay the applicable Purchaser Arrearage Amount, (i) the Debtors shall fulfill all obligations under sections 365(b)(1)(A) and 365(b)(1)(B) of the Bankruptcy Code and (A) cure any undisputed default existing prior to the applicable Lease Closing Date, or (B) establish a reserve for any disputed cure amount in an amount agreed upon between the landlord in respect of such Lease and the Debtors or as otherwise ordered by the Court, and (ii) the Debtors, Purchaser and the Designees, as the case may be, must fulfill all obligations under section 365(f)(2)(B) of the Bankruptcy Code by providing adequate assurance of future performance of the obligations under such Lease, including, without limitation, through the promise of any Designees to perform thereunder and to provide evidence of such Designee's financial wherewithal as required by section 365(b)(3) of the Bankruptcy Code.

-3-

D.    Certain of the Leases may contain provisions that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of an assigned Lease, including the following provisions:

(i)    any provision of a Lease that purports to prohibit, condition, limit or otherwise restrict the assignment to any Designee of the Leases;

(ii)    any provision of a Lease that permits a non-Debtor to increase or reallocate payments under (including, without limitation, any rent), declare a default with respect to, terminate, modify or cancel, any Lease or right or obligation thereunder by reason of (A) the assignment of any Lease to any Designee; (B) the release of the Debtors from liability; (C) discontinuation of operations, interruption of business, or minimum sales requirements; or (D) the Debtors ceasing to be a party to any Lease (clauses (A) - (D), the "Triggering Events");

(iii)    any provision of a Lease that permits a non-Debtor at any time to exercise a right of first refusal or recapture by reason of any Triggering Event;

(iv)    any provision of a Lease that permits a non-Debtor at any time to require payment of any fee, profit sharing or other payment by reason of any Triggering Event;

(v)    any provision of a Lease that permits a non-Debtor at any time to impose any penalty or rental adjustment or allocation by reason of any Triggering Event;

(vi)    any provision of a Lease that permits a non-Debtor at any time to cancel, modify or restrict any Designee from exercising any renewal options by reason of any Triggering Event;

(vii)    any provision of a Lease that permits a non-Debtor at any time to seek damages or other relief by reason of a Triggering Event.

-4-

The foregoing provisions, to the extent they are not of a type enumerated in Section 365(b) of the Bankruptcy Code, are referred to as "Anti-Assignment Provisions."

E.    The Anti-Assignment Provisions are inconsistent with Bankruptcy Code sections 365(f)(1) and 365(f)(3) and the Congressional policy expressed therein favoring a debtor's ability to maximize the value of its assets.

## CONCLUSIONS OF LAW

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:[3]

1.    The Motion is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3.    All objections to the Motion and Lease Assumption Procedures that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections (other than those objections relating solely to issues of adequate assurance of future performance under sections 365(f)(2)(B) and 365(b)(3), if applicable, and the requirement that all cure obligations of the Debtors have been paid or reserved for by the Debtors, which are preserved until the filing of a Landlord Assumption Notice), are overruled on the merits. Nothing herein is intended to, nor shall it affect the rights of any party under Bankruptcy Code Section 365(b)(3).

4.    The Debtors are authorized to assume and assign any of the Leases in accordance with the following Lease Assumption Procedures:

---

[3]   To the extent any Conclusions of Law set forth herein constitutes a Finding of Fact, this Court so finds.

a.  Following receipt of a Lease Assumption Notice from Purchaser or upon the Debtors' decision to assume and assign one of the Dropout Leases, the Debtors shall file with the Court a written notice of the Debtors' intent to assume and assign such Lease(s), substantially in the form attached hereto as Exhibit A (the "Landlord Assumption Notice"). The Landlord Assumption Notice shall identify (i) the Lease to be assumed and assigned (the "Assigned Lease"); (ii) the name of each landlord/nondebtor party to the Assigned Lease; (iii) the identity of the Designee (which may be the Purchaser); (iv) the proposed intended use for the premises subject to the Assigned Lease; (v) the Designee's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code (as limited by section 365(f) of the Bankruptcy Code); and (vi) the proposed cure amount, if any, with respect to the Assigned Lease (the "Proposed Cure Amount").

b.  The Landlord Assumption Notice shall be served via Federal Express (or other reputable overnight service) on the following parties (collectively, the "Notice Parties"): (i) each landlord under any Assigned Lease proposed to be assumed and assigned by the Debtors and such landlord's counsel that has filed a notice of appearance in this case; (ii) any other interested parties with respect to such Assigned Lease, including subtenants to the Assigned Lease; (iii) the U.S. Trustee; (iv) counsel to the Creditors' Committee; (v) counsel to the Unofficial Committee of Secured Music and Video Vendors; (vi) counsel to the Purchaser; and (vii) the Designee and/or its counsel.

c.  The Notice Parties will have ten days from the date of service of the Landlord Assumption Notice (the "Assumption Objection Deadline") to assert an objection to the assumption and assignment of the Assigned Lease or the Proposed Cure Amount with respect thereto (a "Lease Objection"). Any Lease Objection must be in writing and be filed and served on the Notice Parties at the addresses set forth in the Landlord Assumption Notice so as to be received no later than 4:00 p.m. (Eastern Time) on the Assumption Objection Deadline.

d.  If no timely Lease Objection is filed and served with respect to an Assigned Lease prior to the applicable Assumption Objection Deadline, the Debtors shall file with the Court a certificate of no objection with a proposed form of order approving the assumption and assignment of the Assigned Lease(s) to the Designee (a "Lease Assumption Order"). The Lease Assumption Order shall provide, inter alia, that (i) the assumption and assignment of such Assigned Lease(s) are approved, final and effective as of, and conditioned on the occurrence of, the applicable Lease Closing Date (as defined in the Designation Rights Agreement), pursuant to section 365 of the Bankruptcy Code; (ii) the Designee provided adequate assurance of future performance under the applicable Assigned

-6-

Lease in accordance with sections 365(f)(2)(B); and (ii) the Proposed Cure Amounts identified in the Landlord Assumption Notice are approved, final and effective and will be the only amounts necessary under section 365(b) to cure all monetary defaults under such Assigned Lease(s).

e.  If a timely Lease Objection is received, the Debtors and the Purchaser or Designee may attempt to resolve the issue raised by the Lease Objection. If the Lease Objection is not resolved, it will be scheduled to be heard by the Court at the first available hearing date (subject to the Court's schedule) that is at least three (3) days after the Assumption Objection Deadline, or at such other date as is agreed upon by the parties or as the Court may direct; provided, however, that in the event that a Lease Objection relates solely to the Proposed Cure Amount, upon agreement of the Debtors to reserve for any disputed cure in an applicable landlord, Purchaser and the Debtors, the Debtors may file a certification of counsel and proposed Lease Assumption Order approving the assumption and assignment of the Assigned Lease(s) to the Designee, and adjourning adjudication of the cure dispute to the next omnibus hearing if not resolved or otherwise agreed to by the parties.

f.  The Debtors reserve the right to remove any Assigned Leases from a Landlord Assumption Notice, subject to Purchaser's consent, at any time prior to the effectiveness of the proposed assumption and assignment of such Assigned Lease (including upon the failure of the Lease Closing Date to occur).

5.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, each

Lease shall be transferred to the applicable Designee, upon the Lease Closing Date with respect

to such Lease, and in each case shall be free and clear of (i) all Liens and (ii) any and all claims

(as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands,

guaranties of or by the Debtors, debts, obligations, rights, contractual commitments, restrictions,

interests and matters of any kind and nature, whether arising prior to or subsequent to the

commencement of these chapter 11 cases, and whether imposed by agreement, understanding,

law, equity or otherwise (including, without limitation, claims and encumbrances (A) that

purport to give to any party a right or option to effect any forfeiture, modification or termination

-7-

of the interest of any Debtor or Designee, as the case may be, in the Leases or (B) in respect of any taxes) (collectively, "Claims").

6.      Except for the respective Purchaser Arrearage Amounts, (i) all persons and entities holding Liens or Claims of any kind and nature accruing, arising or relating to a period prior to the Lease Closing Date with respect to any Lease hereby are barred from asserting such Liens or Claims against any applicable Designee, as the case may be, or any of their respective affiliates, stockholders, members, partners, parent entities, successors, assigns, officers, directors or employees, agents, representatives, and attorneys, and (ii) any Designee shall have no liability or responsibility for any Claim or Lien arising, accruing, or relating to a period prior to the applicable Lease Closing Date.

7.      The assignment (subject to the right of a Notice Party to object as set forth in this Order) of the Leases to any Designee constitutes a legal, valid, and effective transfer of the applicable Leases and vests or shall vest such Designee with all right, title, and interest to the applicable Leases free and clear of all Claims and Liens (and such Claims and Liens shall be deemed unconditionally released, discharged, and terminated).

8.      On or before the applicable Lease Closing Date, the Debtors shall either pay any Proposed Cure Amount, for which the Debtors have agreed to be responsible, stated in the Landlord Assumption Notice with respect to such Lease or establish a reserve for any disputed cure in an amount agreed upon among the applicable landlord, Purchaser and the Debtors or as ordered by the Court. In no event shall the Debtors or Purchaser be obligated to pay a cure obligation in excess of the reserve agreed to among the Landlord, Purchaser and the Debtors or as ordered by the Court.

-8-

9.      Subject to and conditioned upon the occurrence of an actual closing with respect to the assumption and assignment of any Lease, and subject to the other provisions of this Order (including the aforementioned Lease Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (i) assume and assign to any Designees the applicable Leases, with any applicable Designee being responsible only for the post-Lease Closing liabilities under the applicable Leases except as otherwise provided for in the Designation Rights Agreement and this Order and (ii) execute and deliver to any applicable Designee such assignment documents as may be reasonably necessary to sell, assign and transfer such Lease; provided, that, notwithstanding anything in this Order to the contrary, there shall be no assumption of any such Lease absent simultaneous assignment thereof to the applicable Designee.  Except as otherwise provided in the Designation Rights Agreement or this Order or separate written agreement between Purchaser and a Designee, Designees shall not have any liability for the cure of any defaults existing or accruing, arising, or relating to a period prior to the applicable Lease Closing Date for any Lease, and each non-Debtor party to an Assigned Lease is hereby barred and permanently enjoined from asserting against such Designee any default, claim or liability existing, accrued, arising or relating to a period prior to such Lease Closing Date.

10.     Upon the Lease Closing Date with respect to a Lease, any and all defaults under such Leases shall be deemed cured in all respects with regard to the applicable Designee. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall have no liabilities for any claims arising or relating to or accruing post-Closing under any of the Assigned Leases.

11.     Each and every Anti-Assignment Provision is null, void and of no force and effect solely in connection with any assignment of the Leases to any Designee but shall

-9-

continue in full force and effect upon and after an assignment of Leases to any Designee. The rights of all Parties are reserved regarding a determination whether a particular Lease provision is, as a matter of law, an Anti-Assignment Provision.

12. The inability of any non-Debtor to enforce an Anti-Assignment Provision in connection with an assignment of a Lease to a Designee shall not and cannot in any way constitute a lack of adequate assurance of future performance.

13. The Leases shall be transferred to, and remain in full force and effect for the benefit of the applicable Designees, in accordance with their respective terms, notwithstanding any Anti-Assignment Provisions contained therein.

14. The Designee shall have no liability or obligation with respect to defaults relating to the Assigned Leases arising, accruing or relating to a period prior to the applicable Lease Closing Date, except to the extent otherwise expressly provided in the Designation Rights Agreement.

15. Each non-Debtor party to any Lease is hereby barred and permanently enjoined from asserting against the applicable Designee any default, claim or liability existing, accrued, arising or relating to a period prior to the applicable Lease Closing Date.

16. The failure (if any) of the Landlords, the Debtors or any Designee, as the case may be, to enforce at any time one or more terms or conditions of any Leases shall not be a waiver of such terms or conditions, or of any of the rights of the Landlords, the Debtors or any Designee to enforce each and every term and condition of the Leases.

17. On each Lease Closing Date, each creditor of the Debtors is authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens on the applicable Assigned Leases, as provided for herein, as such any Liens may have

-10-

been recorded or may otherwise exist; provided that such actions shall not be at the expense of such creditors. The validity and perfection of liens, claims and encumbrances of any such creditors shall attach to the proceeds received under the Designation Rights Agreement. Except with respect to the Purchaser Arrearage Amounts, Purchaser is not liable for the payment of any amounts to creditors of the Debtors.

18.     This Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Leases. All Claims or Liens against the Debtors' estates of record as of the date of this Order shall forthwith, upon the occurrence of the Lease Closing Date with respect to any Lease, be removed and stricken as against such Lease, without further order of the Court or act of any party.

19.     Each and every federal, state, and local governmental agency, unit or department is hereby directed to accept a Lease Assumption Order as sole and sufficient evidence of the transfer of title of the Assigned Leases to the applicable Assignees and such agency or department may rely upon such Lease Assumption Order in consummating the transactions contemplated therein.

20.     If any person or entity that has filed a financing statement, mortgage, mechanic's lien, lis pendens, or other document or agreement evidencing a Claim or Lien against or interest in a Lease that may be transferred free and clear, as provided herein, shall not have

-11-

delivered to the Debtors or Purchaser prior to the applicable Lease Closing Date, in proper form for filing and executed by the appropriate parties, a termination statement, instrument of satisfaction, release of all such Claims or Liens which such Person has with respect to such Lease or otherwise, the Debtors, Purchaser, and its Designees, as the case may be, are hereby authorized to execute and file such statement, instrument, release, or other document on behalf of such Person with respect to the applicable Assigned Lease.

21.     This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Bankruptcy Rule 6006(d) is waived.

22.     This Court hereby retains jurisdiction to resolve any dispute relating to the interpretation or enforcement of this Order.

Dated: November 17, 2006
      Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

-12-

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **THREE A'S HOLDINGS, L.L.C., a** | : **Case No. 06-10886 ( BLS )** |
| **Delaware limited liability company, et** | : |
| **al.,**[1] | : **Jointly Administered** |
| | : |
| **Debtors.** | : |

### NOTICE OF ASSUMPTION AND ASSIGNMENT OF LEASE
### OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

To:     Each of the persons or entities listed on Schedule A attached hereto (collectively, the "Notice Parties")

Re:     [Name of Lease Agreement] between _____, as landlord (the "Landlord") and _____], as tenant, (the "Lease") in connection with the following lease terms: [Store Number, Store Location, Lease Term, Monthly Rental Obligations, Remaining Term]

      **PLEASE TAKE NOTICE** that on [_____], 2006, the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the order on the

"Motion of Debtors and Debtors in Possession for an Order, Pursuant to Sections 105 and 365 of

the Bankruptcy Code and Bankruptcy Rules 2002 and 6006, (I) Approving Procedures for the

Assumption and Assignment of Unexpired Leases of Nonresidential Real Property and (II)

Granting Related Relief"; [Docket No. ____] (the "Order").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

the above-captioned debtors and debtors-in-possession (the "Debtors") hereby provide notice of

their intent to assign and assume the above-referenced Lease. The Debtors intend to assign and

assume the Lease to [Name of Designee] ("Designee"). Designee intends to use the premises

that are the subject of the Lease for [_____]; Designee has the financial

---

[1] The Debtors are the following entities: Three A's Holdings, L.L.C., Jeremy's Holdings, LLC, Tower Direct LLC, 33rd Street Records, Incorporated, Pipernick Corp., M T S, Incorporated (d/b/a Tower Records), Columbus & Bay, Inc. and R.T. Records, Incorporated.

wherewithal to meet all future obligations under the Lease, as evidenced by the documentation

provided either directly to the Landlord (and, upon request, the other Notice Parties) or attached

hereto as Exhibit A, thereby demonstrating that it has the ability to comply with the requirements

of adequate assurance of future performance under section 365(f)(2)(B) and, as applicable,

section 365(b)(3) of title 11 of the United States Code (the "Bankruptcy Code") (as limited by

section 365(f) of the Bankruptcy Code); and the proposed cure amount with respect to the Lease

is $[_____] (the "Proposed Cure Amount").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

the Notice Parties, have until 4:00 p.m. on the tenth day following the date the Debtors' served

this "Notice of Assumption and Assignment of Unexpired Lease of Nonresidential Real

Property" (the "Notice") to object to the assumption and assignment of the Lease and the

Proposed Cure Amount (the "Assumption Objection Deadline").  Any of the Notice Parties that

object to the Debtors' proposed assumption and assignment of the Lease and/or the Proposed

Cure Amount must file and serve a written objection (the "Lease Objection") on the Notice

Parties, the Court and counsel to the Debtors by the Assumption Objection Deadline.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order,

if the Lease Objection is properly filed and served on the Notice Parties by the Assumption

Objection Deadline,  and the Debtors, the Purchaser (as defined in Schedule A) or Designee

cannot resolve the issue or issues raised in the Lease Objection, the Lease Objection will be

scheduled to be heard by the Court at the first available hearing date that is at least ten (10) days

after the Assumption Objection Deadline or at such other date agreed to by the parties; provided,

however, that if the Lease Objection relates solely to the Proposed Cure Amount, upon

agreement of the Debtors, the Landlord and the Purchaser, the Debtors may file a certification of

counsel and proposed order approving the assumption and assignment of the Lease to the Designee (the "Lease Assumption Order"), and adjourning adjudication of the cure dispute to a subsequent hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, if no Lease Objection is filed and served by the Assumption Objection Deadline, Debtors will file with the Court a certificate of no objection with a Lease Assumption Order that provides, inter alia, that (i) the assumption and assignment of the Lease are approved, final and effective as of the applicable closing date; (ii) the Designee provided adequate assurance of future performance under the Lease; and (iii) the Proposed Cure Amounts identified in this Notice are approved, final and effective and will be the only amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under such Lease.

Dated: _____, 2006        Respectfully submitted,
       Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Mark A. Kurtz (No. 4727)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
(302) 651-7700

Stephen H. Warren
Karen Rinehart
Emily R. Culler
Hilary S. Reed
O'MELVENY & MYERS LLP
400 South Hope St.
Los Angeles, California 90071
(213) 430-6000

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## SCHEDULE A

[Name/Address of Landlord]

[Names/Addresses subtenants and other interested parties to the Lease]

       Office of the United States Trustee
       c/o Mark Kenney
       844 King Street, Suite 2207
       Lockbox 35
       Wilmington, Delaware 19801

Counsel to the Committee of Unsecured Creditors
       Mark E. Felger
       Jeffrey R. Waxman
       Cozen O'Connor
       1201 North Market Street
       Suite 1400
       Wilmington, DE 19801

Counsel to the Committee of Unsecured Creditors
       James H. Joseph
       McGuireWoods LLP
       Dominion Tower
       625 Liberty Avenue, 23rd Floor
       Pittsburgh, PA 15222

Counsel to the Committee of Unsecured Creditors
       Lawrence E. Rifken
       J. Eric Crupi
       McGuireWoods LLP
       1750 Tysons Boulevard
       Suite 1800
       McLean, VA 22102

Counsel to the Unofficial Committee of Secured Music and Video Vendors
       Michael Bloom
       Rebecca L. Booth
       Stacy Lutkus
       Morgan Lewis & Bockius LLP
       1701 Market Street
       Philadelphia, PA 19103

Great American Group, LLC ("Great American")
       Mark P. Naughton
       Great American Group
       Nine Parkway North, Suite 300
       Deerfield, IL 60015

Hudson Capital Group, LLC ("Hudson")
    James L. Schaye
    Hudson Capital Partners
    One Gateway Center
    Suite 810
    Newton, MA 02458

Crystal Capital Fund, LP ("Crystal")
    David Peress
    Crystal Capital Fund
    2 International Place
    17th Floor
    Boston, MA 02110

Retail Consulting Services, LLC ("Retail Consulting")
    Spence J. Mehl
    Retail Consulting Services, Inc.
    460 West 34th Street
    New York, NY 10001

Great American, Hudson, Crystal and Retail Consulting are collectively referred to as the "Purchaser".

Counsel to Purchaser
    Jay R. Indyke
    Cathy Hershcopf
    Cooley Godward Kronish LLP
    1114 Avenue of the Americas
    New York, NY 10036

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

12/28/2006

C.A. No.:

Bankruptcy Case No.: **06-10886 (BLS)**

Appeal No.: **06-76**

Bankruptcy Appeal Transmittal Sheet

Name of Appellant(s):     **Cathedral Capital Partners**

Counsel for Appellant(s):     **Pepper Hamilton, LLP**
David M. Fournier
Evelyn J. Meltzer
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801

(302) 777-6500

Name of  Appellee:     **Three A's Holdings, LLC**

Counsel for Appellee:     **Richards, Layton & Finger, P.A.**

Mark D. Collins

Michael J. Merchant

One Rodney Square

P. O. Box 551

Wilmington, DE 19899

(302) 651-7700

Enclosed Items:

**Electronically Filed on 12/28/06**

**Notice of Appeal:  (Docket #669)**

**Appealable Orders:  (Docket #'s 598)**

**Appellants Designation of Record on Appeal:  (Docket # 737)**

**Appellees Designation: (Docket #869)**

**Transmittal letter: (Docket # 994)**